ITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GEORGE PAGE                                                            PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:22CV181-TBM-RPM

COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

## REPORT AND RECOMMENDATION

George Page filed a complaint appealing from the Commissioner of Social Security's

(Commissioner) decision denying his claim for disability benefits under the Social Security Act

(the Act).  In his application, Page alleged disability beginning July 31, 2019, due to depression,

anxiety, gastroesophageal reflux disease, hypertension, degenerative disc disease, and lumbar

fusion.  Doc. [8] at 137, 162.  Page was 50 years old at the alleged disability onset date.  *Id.* at

137.  He completed a high school education with two years of college.  *Id.* at 163.  He has past

relevant work as a car salesman, IT/systems manager, and office manager.  *Ibid.*

The claim was denied initially and on reconsideration.  *Id.* at 71-85.  Page requested and

was granted a hearing before an Administrative Law Judge (ALJ).  *Id.* at 50-70, 101-02.  On

December 29, 2021, the ALJ issued a decision denying disability benefits.  *Id.* at 29-45.  In her

decision, the ALJ found that Page had not engaged in substantial gainful activity since the

alleged onset date of July 31, 2019.  *Id.* at 31.  The ALJ further found Page had severe

impairments of degenerative disc disease, osteoarthritis, obesity, depression, and anxiety.  *Id.* at

31-32.  However, the ALJ concluded Page does not have an impairment or combination of

impairments that meet any of the Listings found in the Social Security regulations.  *Id.* at 32-34.

Based on Page's recognized impairments, the ALJ determined that Page had the residual

functional capacity (RFC) to perform light work, with some additional limitations: he could only

occasionally climb, balance, stoop, kneel crouch, crawl, or perform overhead reaching with either upper extremity; he is limited to performing simple, routine tasks with no more than occasional interaction with the public and coworkers, and where duties would generally remain the same from day to day. *Id.* at 34. Relying on the testimony of a vocational expert, the ALJ found that Page could not perform his past relevant work; however, there are jobs that exist in significant numbers in the national economy that he can perform. *Id.* at 43-44. Specifically, the vocational expert testified Page would be able to perform the occupations of inspector/hand packager, marker, or cleaner and polisher. *Id.* at 66. Accordingly, the ALJ concluded that Page is not disabled as defined by the Act. *Id.* at 44.

The Appeals Council denied Page's request for review. *Id.* at 14-19. He then filed the instant complaint in federal court. In his memorandum in support of remand, Page argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly evaluate Page's subjective complaints. Doc. [9].

**Standard of Review**

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive; and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938)).  The court is not permitted to "reweigh the evidence in the record,

nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner],

even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*,

864 F.2d 340, 343 (5th Cir. 1988).  "'Conflicts in the evidence are for the [Commissioner] and

not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614,

617 (5th Cir. 1990)).  While the court may alter the Commissioner's decision if based upon

faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are

within a permissible meaning of the statutory or regulatory language.  *Chevron, U.S.A., Inc. v.*

*National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable

impairment that has prevented the claimant from engaging in substantial gainful employment.

42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5).  The Social Security Administration (SSA)

utilizes a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §

404.1520(a), § 404.920(a).  Under this analysis, the ALJ may decide a claimant is disabled if he

finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a

severe, medically determinable impairment; (3) the claimant's impairment meets or equals one

of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from

performing any past relevant work; and (5) the impairment prevents the claimant's ability to

adjust to performing any other work.  *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but

the burden shifts to the SSA for the fifth step.  *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th

Cir. 1987).  Therefore, if the claimant proves that he is unable to perform past relevant work, the

SSA must demonstrate that the claimant can perform another occupation that exists in significant

numbers in the national economy.  The burden then shifts back to the claimant to establish that

he cannot perform this alternative employment.  *Id.*

**Subjective Complaints**

Page argues that the ALJ's RFC was not supported by substantial evidence because the

ALJ failed to properly evaluate his subjective complaints.  There is a two-part analysis for

evaluating subjective complaints of pain under 20 C.F.R. § 404.1529.  *Ripley v. Chater*, 67 F.3d

552, 556 (5th Cir.1995).  First, the plaintiff must establish a medically determinable impairment

that could reasonably be expected to produce the symptoms.  *See id.*  The next step is to

determine the intensity, persistence, and functionally limiting effects of the symptoms and

determine the extent to which the symptoms affect the individual's ability to do basic work

activities.  *See id.*  The ALJ must consider all the available evidence, including: (1) the claimant's

history; (2) signs and laboratory findings; and (3) statements from the claimant, treating or

nontreating sources, or other persons about how the symptoms affect the claimant.  20 C.F.R. §§

404.1529(c)(1), 416.929(c)(1).  The ALJ may consider other factors relevant to claimant's

credibility, including:  (1) the claimant's daily activities; (2) the duration, frequency, and

intensity to the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness,

and side effects of medication; (5) the prescribed treatment regimen; and (6) any other palliative

measures he may use.  20 C.F.R. § 404.1529 & 416.929; SSR 96–7p.

While the ALJ must consider a claimant's subjective complaints, she is allowed to

examine the objective medical evidence to test claimant's credibility.  *Johnson v. Heckler*, 767

F.2d 180, 182 (5th Cir. 1985).  Subjective evidence of symptoms will not take precedence over

conflicting medical evidence.  *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989).  A claimant's

subjective complaints may be discounted by an ALJ if they are inconsistent with other evidence

in the record. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Moreover, judgment as to

the credibility of testimony is the sole province of the ALJ. *See Carrier v. Sullivan*, 944 F.2d

243, 247 (5th Cir. 1991). The Fifth Circuit has held that the ALJ's credibility determination is

entitled to considerable deference. *See Falco v. Sullivan*, 27 F.3d 160, 164 (5th Cir. 1994).

The ALJ explicitly considered Page's subjective complaints when arriving at an RFC and

found his statements about the intensity, persistence, and limiting effects of his symptoms were

not consistent with the medical evidence of record. Doc. [8] at 35-36. The ALJ cited

extensively from the medical records as a basis for discounting Page's subjective complaints.

For example, on numerous occasions, Page reported improvement in pain with treatment. On

April 22, 2020, he reported 70 percent improvement in lower back and left leg pain and

improved function following spinal nerve roots block administered the previous month. *Id.* at

234. On May 19, 2020, he reported 75 percent improvement in lower back and left leg pain and

improved function following bilateral sacroiliac joint steroid injections. *Id.* at 483. On

December 29, 2020, Page reported 75 percent improvement with lower back and left leg pain

and improved functioning following spinal nerve roots block. *Id.* at 471. On May 21, 2021, he

reported 70 percent relief for 2 to 3 weeks after lumbar intra-articular facet injections. *Id.* at 506.

On September 1, 2021, he reported 70 percent relief from bilateral lumbar radiofrequency

ablation. *Id.* at 843. At an examination by his treating physician on March 18, 2020, Page

reported "daily activity, walking, work, housework, hobbies, mood and sleep. Daily activity and

functional level has improved with pain medications." *Id.* at 239. As cited by the ALJ, the

record contained numerous notations that medications were effective in managing pain and with

no reported adverse side effects. *See e.g. id.* at 239, 501, 511, 834, 838 (March 18, 2020; April

7, 2021; July 7, 2021; August 4, 2021; September 1, 2021). Medical records from May 14 and

May 26, 2021, indicated that he was examined for complaints of pain; nevertheless, he was released without limitations. *Id.* at 589, 602. The ALJ also cited consistently unremarkable examination findings other than tenderness to palpitation of the lower lumbar spine, sacroiliac joints, and shoulder. *Id.* at 41. Furthermore, the ALJ noted that Page's application for and receipt of unemployment benefits are incompatible with allegations of disability. Page testified that he has looked for work, thereby indicating to potential employers he is capable of work. *Id.* at 41-42. The ALJ also relied on state agency medical consultants who opined that Page's statements about the intensity, persistence, and functionally limiting effects of the symptoms are substantiated by the medical evidence. *Id.* at 75-76, 83-84. Nevertheless, the physicians determined that Page was able to perform at the light exertional level with occasionally climbing, balancing, stooping, kneeling, crouching, and crawling. *Ibid.* In the RFC, the ALJ assigned physical limitations substantially consistent with the agency physicians' opinions. Based on the foregoing, substantial evidence supports the ALJ's evaluation of Page's subjective complaints as they relate to his RFC.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file

the objections with the Clerk of the Court and serve the objections on the District Judge and on

all other parties.  A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination

by the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection.  *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 13th day of November 2023.


/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE