# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**GEORGE PAGE**                                                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:22-cv-181-TBM-RPM**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### AFFIRMING THE FINAL DECISION OF THE COMMISSIONER

George Page appeals the final decision of the Commissioner of Social Security Administration denying his claim for disability insurance benefits related to depression, anxiety, gastroesophageal reflux disease, hypertension, degenerative disc disease, and lumbar fusion. Magistrate Judge Myers recommends that the Court affirm the Commissioner's final decision. Page timely filed his Objection [13] to the Report and Recommendation arguing that the Magistrate Judge only "reiterate[d] the ALJ's summary of evidence and fails to show how the ALJ created a logical bridge between that evidence and the rejection of Plaintiff's subjective complaints." After carefully considering the Report and Recommendation, Page's submissions, and the relevant legal authority, the Court finds that Page's Objections [13] are overruled because the ALJ properly considered Page's subjective complaints and her findings were supported by law. Accordingly, the Report and Recommendation [12] is adopted as the opinion of this Court.

### I. BACKGROUND AND PROCEDURAL HISTORY

Page applied for disability insurance benefits alleging a disability onset date of July 31, 2019, based on depression, anxiety, gastroesophageal reflux disease, hypertension, degenerative disc disease, and lumbar fusion. [8], pps. 137, 162. The Social Security Administration denied Page's claim on initial review and on reconsideration. *Id.* at 71-85. An administrative law judge ("ALJ")

held a hearing at which Page testified about his conditions. *Id*. at 51-70. The ALJ considered the evidence put forth and on December 29, 2021, she issued a decision denying Page disability benefits under the Social Security Act.[1] *Id*. at 29-45.

In the ALJ's decision, she did first find that Page had not engaged in substantial gainful activity since the alleged onset date of July 31, 2019, which such a finding allows the ALJ to move to the next step. *Id*. at 31. In the second step, the ALJ determined that Page had severe impairments of degenerative disc disease, osteoarthritis, obesity, depression, and anxiety. *Id*. at 31-32. Because the ALJ found severe impairments, the ALJ moved on to the third step and concluded that Page did not have an impairment or combination of impairments that would meet any of the listings found in the Social Security regulations at 20 C.F.R. pt. 404, subpt. P, app. 1. *Id*. at 32-34. In a general sense, "the listings," are a long list of impairments broken down into groups that relate to various body systems from which an individual can suffer. *Id*. If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement, the claimant is disabled, and the inquiry must end. 20 C.F.R. § 404.1520(d). If the impairments do not meet the criteria of a listing, the analysis proceeds to the next step. [8], p. 30; 20 C.F.R. § 404.1520(e).

---

[1] An ALJ uses a sequential, five-step approach to determine whether a claimant is disabled, and if at any step the ALJ finds that the claimant is *disabled* as determined by the standards in the regulation, the inquiry ends. This analysis requires the ALJ to determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) she has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) whether it prevents her from doing any relevant work. 20 C.F.R. § 404.1520; *Keel v. Saul*, 986 F.3 551 (2021) (citing *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)). If the claimant survives the first four stages, the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

Since the ALJ found that Page was not impaired enough to be considered disabled under the listings in step three, she moved on to step four and determined that Page had the residual functional capacity ("RFC") to

> perform light work as defined in 20 C.F.R. § 404.1567(b) except [that Page] should [] occasionally climb, balance, stoop, kneel, crouch, crawl, or perform overhead reaching with either upper extremity; additionally, he is limited to performing simple, routine tasks with no more than occasional interaction with the public and coworkers, and where duties would generally remain the same from day to day.

*Id.* at 34. In other words, the ALJ found that Page could perform certain work but that he cannot perform work that regularly requires certain physical movements such as bending and stooping. *Id.* Based on this RFC, the ALJ found that "the claimant is capable of performing work within the determined residual functional capacity" but was "unable to perform any past relevant work." *Id.* at 43. At the last step, the ALJ found that "[c]onsidering the claimant's age, education, work experience and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 44. Thus, the ALJ concluded at step five that Page is not disabled within the meaning of the Social Security Act. *Id.*

The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. *Id.* at 14-19. Page then appealed the Commissioner's decision to this Court. [1]. Magistrate Judge Myers reviewed the Commissioner's decision on Page's appeal and recommended that the decision of the Commissioner be affirmed. [12]. In the decision, the ALJ cited several instances from the medical records for discounting Page's subjective complaints, including Page reporting improvement of the functionality in his lower back, left leg, and the helpful use of medication to combat other symptoms. [8], pps. 34-42. Page timely objected to the Report and Recommendation. [13]. In his Objection, Page argues that not only did the Magistrate

3

Judge not show how the ALJ's findings complied with 20 C.F.R. pt. 404, subpt. P, app. 1., but also that the ALJ's RFC determination was not supported by substantial evidence. [13], pps. 2-3.

## II. STANDARD OF REVIEW

It is well-settled that "[p]arties filing objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (alteration in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination based on that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle*, 834 F.2d at 421). Additionally, "[m]erely reurging the allegations in the petition" is not enough to receive *de novo* review. *Id.*

The Court "review[s] the [Commissioner's] decision to deny disability benefits by determining whether substantial evidence in the record supports the decision and, further, whether proper legal standards were used in evaluating the evidence." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)). While more than a scintilla, substantial evidence is less than a preponderance. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (citing

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)). "It must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Harrell*, 862 F.2d at 475 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)) (internal quotations omitted). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute the Court's judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475) (internal alteration omitted).

## III. DISCUSSION

On appeal to this Court, Page first argues that the ALJ's RFC determination at step four is not supported by substantial evidence because the ALJ did not properly evaluate Page's subjective complaints. [13]. Magistrate Judge Myers did not find this argument persuasive and explains his findings in the Report and Recommendation. [12]. Second, Page makes the meekest of attempts at arguing that it is the Magistrate Judge's responsibility to ensure that the ALJ complied with the regulation in reviewing Page's subjective complaints and that remand is warranted based solely on legal error.[2] [13], p. 3. But the law is clear that an ALJ's assessment of a social security disability claimant's credibility is given great deference and that this Court cannot reweigh the evidence in the record. *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000); *Bowling*, 36 F.3d at 434. Nonetheless, this Court finds that when reviewing the entire Report and Recommendation *de novo*, the ALJ did,

---

[2] Page cites *Sun v. Colvin*, 793 F.3d 502 (5th Cir. 2015), as support for a remand based on legal error. But the legal error in *Sun* was that the ALJ did not obtain all the claimant's medical records before determining the claimants' benefits. *Id.* at 509. Here, Page cannot make such an argument for a procedural remand for same reasons as the claimant in *Sun*. Page has not alleged any missing medical records that support his subjective complaints that would warrant a procedural remand. In fact, Page instead points to record support for the subjective complaints already considered by the ALJ, thus invalidating such an argument. [13], p. 2.

in fact, properly evaluate Page's subjective complaints to determine his RFC in accordance with the regulation.

"The ALJ is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985) (citing *Jones v. Heckler*, 702 F.2d 616, 616 (5th Cir. 1983)). "The claimant's RFC assessment is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland v. Berryhill*, 850 F.3d 749, 754 (5th Cir. 2017) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461–62 (5th Cir. 2005)). While the ALJ must consider a claimant's subjective complaints, she is allowed to examine the objective medical evidence to test a claimant's credibility such that she may find a claimant's complaints of pain are not to be credited or are exaggerated, and do not prevent all substantial gainful activity. *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) ("[s]ubjective complaints of pain must also be corroborated by objective medical evidence") (citing  Houston v. Sullivan, 895 F.2d 1012, 1016 (5th Cir.1989); *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (finding a claimant's subjective complaints may be discounted by an ALJ if they are inconsistent with other evidence in the record). Here, it is clear that the ALJ considered not just Page's subjective complaints, but also objective medical evidence to determine Page's credibility, as the law permits. *Johnson*, 767 F.2d at 182.

Further, Magistrate Judge Myers correctly found that the ALJ "explicitly considered Page's subjective complaints when arriving at an RFC and found his statements about the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical evidence of record." [12], p. 5.  In the ALJ's findings, she concluded that Page,

does not meet the mandatory D 'functional' criteria for listings under [the regulation] that require impairment-related physical limitation of muscoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following: 1) documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; 2) inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or 3) inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

[8], p. 32. In other words, the ALJ found that Page did not consistently need a walker or other medical devices for assistance with movement, and that he could use one or both of his arms according to the regulation. The ALJ supported this finding with extensive medical record evidence on Page's conditions. [8], pps. 34-42.

Nonetheless, in Page's objection, he argues that the ALJ did not explain her rejection of his complaints. [13], p. 2. Some of those complaints involved, his "gruff and angry demeanor, having difficulty bending over to lift, and loss of focus and memory due to opioid use" among other things.[3] *Id.* But the ALJ specifically addressed his "gruff and angry demeanor" in her decision. [8], p. 33. The ALJ said that "[d]uring the hearing, [Page] demonstrated adequate social and communication skills, and was courteous and polite. The medical evidence shows that treating sources have not noted a failure to cooperate during office visits nor unusual or unacceptable social

---

[3] The Court chose only three of the named subjective complaints and the ALJ's response to those three complaints to show that she did, in fact, explain her rejection of these complaints, and the evidence she used to support her findings. The Court will not evaluate all the subjective complaints Page made yet again in this analysis because the ALJ has already done so in her decision, and the Magistrate Judge adopted those findings in the Report and Recommendation. [12]; *Dickerson v. Colvin*, No. 5:14-cv-9-DCB, 2015 WL 5334287, at *4 (S.D. Miss. Sep. 14, 2015) ("[m]erely reurging the allegations in the complaint or attacking the underlying decision is insufficient to receive *de novo* review, however."). To be clear though, the Court has thoroughly reviewed the record, and the ALJ's findings are supported by the record.

behavior." *Id.* In fact, the ALJ noted that the medical evidence had shown Page to be able to communicate clearly or "at least they do not note otherwise." *Id.*

Next, the ALJ considered Page's memory loss. *Id.* The ALJ stated that "[a]lthough the claimant testified that mental impairments restrict ability to focus and concentrate on tasks, the claimant was able to concentrate sufficiently throughout the hearing to respond appropriately to all questions." *Id.* Further the ALJ noted that the medical evidence did not reveal instances where the claimant behaved in a manner that disrupted his home or family life. *Id.* Additionally, the ALJ recognized that "[t]reating sources have not noted significant abnormalities in mental status that would suggest an inability to complete tasks in a timely manner, work at appropriate pace, distract others or be distracted by others." *Id.*

And lastly, Page argues that the ALJ did not explain her rejection of his difficulty bending over to lift, among other functional impairments. [13], p. 2. But again, the ALJ did explain her rejection of this complaint and concluded that "the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because they are not consistent with the medical evidence of record." [8], p. 36.

The ALJ supported this finding by citing many medical record differences in comparison to Page's statements about his pain. Specifically, the ALJ noted that Page saw Dr. Shawn Wu, M.D., Ph.D., of Physicians Pain and Spine Specialists on March 18, 2020. [8], p. 26. Page received diagnoses of lumbar disc degenerative disease, lumbar facet syndrome, lumbar post laminectomy syndrome, left L4, L5, S1 radiculopathy, lumbar spondylosis, bilateral sacroiliitis, and long-term opioid pain medication treatment. *Id.* Page's treatment plan included Ibuprofen, Baclofen, and Norco, the ordering of a back brace and lumbar spine MRI, and scheduling him for left L5 and S1

spinal nerve root blocks. *Id.* On March 25, 2020, Page underwent the left L5 and S1 spinal nerve root blocks. *Id.* At his next visit, on April 22, 2020, he reported seventy percent improvement in his lower back pain and left leg pain and improved function following the nerve root blocks. *Id.* Yet he still rated his lower back pain up to a six or seven out of ten. *Id.* In response, Page underwent the bilateral sacroiliac joint injections. *Id.* Further, the ALJ stated that pain management records showed that when Page saw Dr. Wu on May 19, 2020, he reported seventy-five percent improvement in his lower back pain and left leg radiating pain, as well as improved function after the bilateral sacroiliac joint steroid injections. *Id.* at 38.

The ALJ outlines more details of this complaint but makes clear that as of Page's next doctors visit on July 7, 2021, he reported 50 percent relief for several days after lumbar intra-articular facet injections on May 28, 2021. *Id.* at 39. And Page's medications continued to be effective in managing pain. *Id.* Also, there were no reported adverse effects, and he did not exhibit any aberrant behaviors. *Id.* The ALJ provided an extensive outline of the medical treatments that Page received to assist his pain and his recorded improvement which allowed her to conclude that "[b]ased on the foregoing, the undersigned finds that the claimant's allegations of total disability are not supported by the medical evidence of record." *Id.* at 41.

Here, the ALJ clearly explained why the objective medical evidence discussed above undermined the credibility of Page, and why such objective evidence was more persuasive than Page's subjective complaints. This is a determination within the purview of the ALJ. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence").

Accordingly, the ALJ gave sufficient reasons for her findings, and the ALJ's decision is supported by substantial evidence.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [12] entered by United States Magistrate Judge Robert P. Myers on November 13, 2023, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Commissioner of the Social Security Administration's final decision is AFFIRMED.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner's Objections [13] to the Report and Recommendation of the United States Magistrate Judge are OVERRULED.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

THIS, the 12th day of March, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE